**Wendell C. ROBINSON and May T. Jung–Robinson, Appellants**

v.

**UNITED STATES of America, Appellee.**

No. 14–5046.

United States Court of Appeals, District of Columbia Circuit.

Sept. 11, 2015.

Wendell C. Robinson, Washington, DC, pro se.

R. Craig Lawrence, U.S. Attorney's Office, John A. Nolet, Bridget Maria Rowan, U.S. Department of Justice, Washington, DC, for Appellee.

Before: TATEL, Circuit Judge, and EDWARDS and GINSBURG, Senior Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and supplemental filings of the parties. The court has afforded the issues presented full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that this appeal be dismissed as moot.

In accordance with Article III of the Constitution of the United States, federal courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). If or when a case does not present such a controversy, it is moot.

In the present case, the Robinsons and the Government agree that the district court lacked subject matter jurisdiction over the Robinsons' tax suit. There is therefore no dispute that the Robinsons' suit was appropriately dismissed, and this appeal is now moot.

The Robinsons' only remaining contention is that this court should vacate the order and opinion of the district court. This we will not do. The undisputed reason the district court lacked subject matter jurisdiction over the Robinsons' suit is that the Robinsons filed a related petition with the United States Tax Court. Because the Robinsons "caused the mootness by voluntary action," they are not entitled to vacatur of the district court's order dismissing the case for lack of subject matter jurisdiction on other grounds. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 24, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

Pursuant to D.C.Cir. Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.